Scott, J.
It is claimed that the court below erred in overruling-the prisoner’s challenge of McMakin, who was summoned as a juror, with thirty-five others, for the trial of the case. It does not appear that there was any challenge to the array, either by the defendant, or the state. The defendant’s challenges were to the polls only. He challenged McMakin on the ground that he was not a.householder. Whether the state of facts shown by McMakin when examined on his voir dire would make him a householder or not, we-need not inquire, for McMakin was thereupon peremptorily challenged by the state, and did not sit as a juror in the case. The plaintiff in error thereby obtained all the benefit which could have-arisen from the sustaining of his challenge, and that too without having to resort to his own right of peremptory challenge. It is clear, then, that the ruling of the court on this question did not. prejudice him, and therefore it furnishes no ground of complaint.
Did the court err in overruling the motion in arrest of judgment?' It is claimed by counsel for plaintiff in error, that this motion should have been sustained for two reasons: 1. Because the indictment is-repugnant and uncertain, in charging the same crime to have been committed on two different days, to wit, on the 12th and 13th days-of J uno, 1868. There are four counts in the indictment, and the repugnancy here suggested does not exist between the several parts-444] *of any one of them, but only arises upon the comparison of one count with another. In contemplation of law, each count of *445 the indictment charges the defendant with a distinct substantive •offense, and any question as to its sufficiency must be determined by its own averments alone. If objection be taken to it on the ground of repugnancy or inconsistency, the question is whether its several averments are congruous or incongruous with each other, and not as to its harmony with the statements in other counts of the :same indictment. Th e only purpose for which several counts are introduced into one indictment, is to vary the allegations so as to meet the proofs on the trial. This variance between the several counts 'is therefore no ground of objection, so long as it does not present the case of different offenses which can not be joined in the same indictment.
It is claimed that the judgment should have been arrested, for the further reason that the verdict was inconsistent. The alleged inconsistency is, in the first place, that the jury found the defendant .guilty as charged in the first, second, and fourth counts of the indictment, whilst the first and second counts charge the murder to have been committed on the 12th day of June, and the fourth count on the 13th day of June. We find no inconsistency in this. The words, “ as charged in the indictment,” when they occur in a verdict, must be understood as referring to the material and not to the immaterial averments of the indictment. Nothing is better settled than that the precise day when an offense is charged to have been committed is, in general, immaterial. The plaintiff in error might well be found guilty under a count charging the murder to have been committed on the 12th of June, though the proof might show the 13th of June to have been the true date of its perpetration.
It is further alleged, that the verdict was inconsistent in finding the plaintiff in error guilty as charged in the first, second, and fourth counts, and not guilty as charged in the third count, whilst the third count is substantially the same as the other three. This is a technical objection, and a technical answer to it is sufficient. As we have already said, the theory of the law is, that each count of the indictment ^charges a distinct offense; hence it follows, [445 that the finding of the jury as to a particular count is independent •of and unaffected by the finding upon another count. If the evidence justified a verdict of guilty as to the first, second, and fourth counts, the prisoner was not prejudiced by an acquittal under the third count.
The overruling of the motion of plaintiff in error for a new trial *446 in the court below is also assigned for error. This motion was based upon supposed errors of law, which have already been considered, and also upon certain allegations of facts occurring on the trial, which are not fully shown, by the bill of exceptions or otherwise, to be true. We can not assume the existence of facts from, mere statements made in a motion for a new trial. In so far as the motion was based on alleged misconduct of the jury, the charge of misconduct was sustained only by the affidavit of the prisoner, to-whom its truth could not have been personally known, and was' fully refuted by the affidavits of the officers in charge of the jury. And as to the charge stated in the motion, that the counsel for the state improperly referred to matters not in evidence in the argument of the case to the jury, it is wholly unsustained by any part of the record.
The plaintiff in error also alleged, in his motion for a new trial, that the court had erred in adjourning the trial of the cause, against his protest, from Monday, February 22d, at 3 o’clock, p. m., from day to day, until Thursday, February 25th, at 4 o’clock, p. m., in order-to compel the attendance of Joseph Kelly, a witness on the part of the state, who, during that time, was out of the state, and that the-trial of the case was thereby delayed until the officers of the court, acting under its process, unlawfully and forcibly brought the said witness from Kentucky into court, where he testified against the-plaintiff in error. It is now.claimed that the facts here stated made-it the duty of the court to grant the motion for a new trial. The-fact of the adjournments complained of is shown only by the affidavit of the plaintiff in error. But, assuming that the trial of the case was delayed by successive adjournments for three days, until the attachment issued against the absconding witness was returned 446} by the proper ^officer with the person of the witness in custody, was this such an abuse of discretion by the court as prevented a fair trial and required the verdict of the jury to be set aside ?' íhe witness, Kelly, was present in court, and under subpena as a witness in the case for the state, when the jury was impaneled and the trial commenced. He then left the court, without leave, and hastened to escape beyond its jurisdiction. From his own affidavit, there is no reason to doubt that he was attempting to evade the dis-charge of his duty as a witness, and thus prevent the due administration of justice. It was the clear duty of the court not to be indifferent in regard to the success of such an attempt, but to afford the state all proper means of compelling the attendance of the witness, and to suspend the progress of the trial until process of attachment could be executed, or its execution be ascertained to be-impracticable. Applications for temporary adjournments, in such cases, are addressed to the sound discretion of the court;, and the extent to which such adjournments may be prolonged from time to-time must necessarily depend on the particular circumstances of the case. As to the character of the showing made to the court on-behalf of the state, both in respect to the materiality of the evidence-of the absconding witness and the probability of the speedy execution of the order of attachment issued against him, we find nothing in the record, except the unverified statements in the motion for a new trial. The progress of the trial was suspended, by adjournments, for about three days, and the attendance of the witness was thereby enforced. It is not shown that the plaintiff in error was in fact prejudiced by this delay, and we are unable to say that it was not fully warranted by the circumstances of the ease. We certainly can not say that the discretion properly vested in the court was clearly abused.

Judgment affirmed.

Day, C. J., and Brinkerhoff, Welch, and White, JJ., concurred.